**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

LAKEISA GRIFFIN,                              :

     Plaintiff,                              :

vs.                                          :          CA 15-0189-WS-C

CAROLYN W. COLVIN,                            :
Acting Commissioner of Social Security,
                                             :

     Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Court for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on plaintiff's unopposed motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 21.) Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $3,603.92 under the EAJA for legal services rendered by her attorney in this Court. *See Astrue v. Ratliff*, 560 U.S. 586, 592 & 593, 130 S.Ct. 2521, 2526 & 2526-2527, 177 L.Ed.2d 91 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award' renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is [] that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Kills Ree) attorney's fees in the amount sought and substantiated under, *inter alia*, subsection (d)(1)(B). . . . The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the

fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite-it 'awards' the fees to the litigant[.]"); *Brown v. Astrue*, 271 Fed.Appx. 741, 743 (10th Cir. Mar. 27, 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel.").[1]

## FINDINGS OF FACT

On January 14, 2016, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  (Doc. 20; *see also* Doc. 19.)  The motion for an award of attorney's fees and expenses under the EAJA was filed on March 3, 2016 (Doc. 21), forty-nine (49) days after entry of final judgment (*compare id. with* Doc. 20).  In the motion, plaintiff requests attorney's fees in the amount of $3,693.30 to compensate her attorney for the time (19.50 hours) spent representing her before this Court as of the date of the filing of the fee application. (*See* Doc. 21, Exhibit B, Time Sheet.) Counsel for plaintiff has represented in the motion that counsel for the defendant "has no objection to th[e] Petition." (Doc. 21, at ¶ 7.) The undersigned appreciates this representation to mean that counsel for the defendant was supplied with a copy of the motion and

---

[1]     As explained above, the attorney fees awarded herein are awarded to the plaintiff. However, following entry of this fee award, the government certainly can evaluate the propriety of directing payment to Ms. McPhillips pursuant to the assignment of the right to receive fees executed by plaintiff on April 4, 2015 (Doc. 21, Exhibit C, ASSIGNMENT OF EAJA FEES).  *See Ratliff, supra,* 560 U.S. at 597, 130 S.Ct. at 2529 ("[T]he Government has since continued the direct payment practice only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive fees to the attorney.'").

attachments before the motion was filed and that defense counsel, Daniel Balsam, Esquire, indicated that he had no objection to the hours requested to be compensated or the requested hourly rate. (*Compare id. with* Attached Brief.)

## **CONCLUSIONS OF LAW**

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  It is imminently clear in this case that plaintiff is a prevailing party under the EAJA[2] and that the position of the United States in this case was not substantially justified, given that it was the government who requested a sentence four remand in this case (*see* Doc. 17).

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock will not begin to run in this case until this Court's reversal and remand order of January 14, 2016 becomes final, which will occur at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, March 14, 2016. The motion filed in this case (Doc. 21), bearing a date of March 3, 2016, is premature yet no less timely. *See Myers v. Sullivan,* 916 F.2d 659, 678-679 n.20 (11th Cir. 1990).

---

[2]        "[A] party who wins a sentence-four remand order is a prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra*, 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations omitted); *see also id.*, at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with

the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

In *Norman, supra*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306. Although plaintiff's EAJA motion is unopposed by the defendant (*see* Doc. 21, at ¶ 7), this Court has a responsibility to ensure that the fee applicant has exercised billing judgment. While, by in large, the undersigned finds that Ms. McPhillips has exercised billing judgment, there are at least four entries which reflect excessive or unnecessary hours that should have been excised by the applicant. Those entries are the following: (1) .2 hours expended on October 20, 2015, for receipt and review of the defendant's motion for extension of time to file reply brief  and the undersigned's order granting the defendant's motion; (2) .1 hours expended on December 17, 2015, for "Motion to Remand referral to judge"; (3) .2 hours expended on December 21, 2015, for receipt and review of the report and recommendation; and (4) .5 hours expended on January 15, 2016, for receipt and review of the judgment and order remanding the case to the Commissioner. It should suffice to say that all the tasks reflected above could and should have been accomplished in much shorter periods of time than reflected on the time sheet given the "brief" length of the pleadings referenced—or, in the case of the

apparent "tracking" of the Clerk's Office referral of the defendant's motion to remand to the undersigned, not billed at all—and, therefore, it is recommended that the Court reimburse plaintiff for 30 minutes of attorney work performed on the foregoing dates rather than the "combined" hour requested. Accordingly, the undersigned recommends that plaintiff be reimbursed for 19 hours of attorney work performed, as opposed to the 19.5 hours requested.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

For years, the prevailing market rate in the Southern District of Alabama was $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari,* 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. However, this Court has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32.

More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint )/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id*. at 11, quoting Doc. 31, at 2)

The temporal midpoint in this case was August 26, 2015, the first billable entry made by the fee applicant bearing a date of April 6, 2015 (*see* Doc. 21, Exhibit B, Time Sheet) and the Court having entered its order and judgment on January 14, 2016 (Docs. 19-20). The CPI-U for August of 2015 was 231.260. Plugging the relevant numbers into the foregoing formula renders the following equation: $125x231.260/152.4. Completion of this equation renders an hourly rate of $189.68.

In consideration of the foregoing, the undersigned recommends that plaintiff be awarded an attorney's fee in the amount of $3,603.92 under the EAJA for the 19 hours her attorney spent performing work traditionally performed by attorneys in social security cases.

## CONCLUSION

The Magistrate Judge **RECOMMENDS** that plaintiff be awarded attorney's fees in the amount of $3,603.92 under the Equal Access to Justice Act, representing compensation for 19 hours of service by Rose A. McPhillips, Esquire, at the cost-of-living-adjusted rate of $189.68.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 7th day of March, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**